UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR06-308-JLR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | DETENTION ORDER - Material Witness |
| ZAGARI SHUNTA MOORE et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| In re Material Witness: | ) | |
| | ) | |
| CLAUDIMAR DeALMEIDA-PINTO. | ) | |
| _____ | ) | |

<u>Offense charged</u>:

    Material Witness

<u>Date of Detention Hearing</u>:    October 16, 2006

    The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f) and 3144, and based upon the factual findings and statement of reasons hereafter set forth, finds that detention is necessary to adequately secure the testimony of the material witness, and to prevent a failure of justice.

DETENTION ORDER     15.13
18 U.S.C. § 3142(i)     Rev. 1/91
PAGE 1

## FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) Mr. DeAlmeida-Pinto was arrested on a material witness warrant in the matter of US v Moore, et al CR 06-308, upon a finding that it was impracticable to secure his presence by subpoena. He made his initial appearance in this Court on October 16, 2006.

(2) The United States has moved to detain Mr. DeAlmeida-Pinto pursuant to 18 U.S.C. §3144 for a reasonable period until his deposition can be taken pursuant to the Federal Rules of Criminal Procedure. Defendant is reportedly a citizen of Brazil. The United States alleges that his presence in this country is illegal. There is an immigration detainer pending against him. The issue of detention in this case is therefore essentially moot, as the defendant would be released to immigration custody if not detained in this case. Defendant and his counsel offer no opposition to the entry of an order of detention.

(3) There is no information available regarding the material witness' personal history, residence, family ties, or ties to the Western District of Washington, or regarding his income, financial assets or liabilities, his physical/mental health or controlled substance use, if any.

(4) The material witness poses a risk of nonappearance based on his unknown background information and his immigration status.

(5) The Court finds that further detention is necessary to prevent a failure of justice. The material witness will be detained until his testimony can adequately be secured.

It is therefore ORDERED:

(1) Defendant shall be detained pending the taking of his testimony and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or

being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the material witness to a United States Marshal for the purpose of an appearance in connection with a court proceeding or for providing testimony in connection with a case pending in this court; and

(4) The clerk shall direct copies of this Order to counsel for the United States, to counsel for the material witness, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 16th day of October, 2006.

Mary Alice Theiler
United States Magistrate Judge